UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**LUIS VELEZ,**

    **Plaintiff,**

v.                                                                            **Case No.:** _____

**VIVINT, INC.,**

    **Defendant.**

_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Vivint, Inc. ("Vivint"), pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, removes this action, <u>Luis Velez v. Vivint, Inc.</u>, Case No. 35-2018-CA-002003, from the Circuit Court of the Fifth Judicial Circuit in and for Lake County, Florida, where it was originally filed, to the United States District Court for the Middle District of Florida, Ocala Division.  This Court has both federal-question jurisdiction as set forth in Part I, and diversity jurisdiction pursuant to the Class Action Fairness Act of 2005 as set forth in Part II. Accordingly, as grounds for removal, Vivint states as follows:

1. Plaintiff commenced this action on October 1, 2018, when he filed his complaint ("Complaint") in Case No. 35-2018-CA-002003, in the Circuit Court for the Fifth Judicial Circuit, Lake County, Florida. Vivint was served with a summons and a copy of the Complaint on October 2, 2018.

2. The Complaint asserted two counts under the Florida Civil Rights Act, Chapter 760, Florida Statutes. The Complaint asserted these counts only on behalf of Plaintiff individually.

3. On January 16, 2019, Plaintiff filed and served a Motion for Leave to File Amended Complaint ("Motion to Amend Complaint"), attaching a proposed amended complaint ("Proposed Amended Complaint"). Vivint has not filed a response to the Motion to Amend Complaint, or to the Proposed Amended Complaint.

4. Pursuant to 28 U.S.C. § 1446(b)(3), this Notice of Removal has been timely filed by Vivint. Specifically, this Notice of Removal has been filed within thirty (30) days of receipt by Vivint of a copy of an amended pleading from which it may first be ascertained that the case is one which has become removable. January 16, 2019, was the first date on which Vivint was provided a copy of the Proposed Amended Complaint. The Proposed Amended Complaint was the first pleading or other paper from which Vivint could ascertain that the case had become removable.

5. In Plaintiff's Proposed Amended Complaint, Plaintiff attempts to assert the following claims against Vivint:

    a.    "First Class Claim for Relief" – Failure to Make Proper Disclosure in Violation of the Fair Credit Reporting Act, 15 U.S.C § 1681b(b)(2)(A)(i);

    b.    "Second Class Claim for Relief" – Failure to Obtain Proper Authorization in Violation of the Fair Credit Reporting Act, 15 U.S.C § 1681b(b)(2)(A)(ii);

    c.    Count III – Religious Discrimination under the Florida Civil Rights Act, Chapter 760, Florida Statutes; and

    d.    Count IV – Retaliation under the Florida Civil Rights Act, Chapter 760, Florida Statutes.

## I. Federal-Question Jurisdiction

6. The above-described action is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331, and is one which may be removed to this Court by Vivint, pursuant to the provisions of 28 U.S.C. § 1441, because the Fair Credit Reporting Act claims arise under the federal laws of the United States.

7. This Court has supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367, because Plaintiff's employment discrimination and retaliation claims form part of the same case or controversy as Plaintiff's Fair

Credit Reporting Act claims. Specifically, these claims all rely upon the terms and conditions of Plaintiff's employment with Vivint.

8. Pursuant to 28 U.S.C. § 1441(c), if this Court finds Plaintiff's state-law claims do not form part of the same case or controversy as Plaintiff's federal, putative class-action claims, Vivint respectfully requests that this Court sever those state-law claims alleged in Counts III and IV and remand the severed claims to the Circuit Court for the Fifth Judicial Circuit in and for Lake County, Florida.

## II. Diversity Jurisdiction under the Class Action Fairness Act of 2005

9. In addition to presenting federal question jurisdiction, this is a civil action over which this Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, codified in part at 28 U.S.C. § 1332(d). Under CAFA, any putative class action commenced on or after the statute's effective date of February 18, 2005, may be removed when:

- a. The suit involves a class action filed under Federal Rule 23 or a similar state statute;
- b. Any "class member" is a citizen of a state different from any defendant;
- c. The class members' claims, in aggregate, exceed the sum or value of $5,000,000.00; and
- d. The number of members of the proposed class exceeds 100.

28 U.S.C. §§ 1332(d)(1)(B), (d)(2), (d)(2)(A), & (d)(5)(B).

10. Plaintiff seeks to certify a class defined as:

> Improper Disclosure and Authorization Class: All of Defendant's employees and job applicants in the United States who were the subject of a consumer report that was procured by Defendant within five years of the filing of this complaint through the date of final judgment.

Proposed Amended Complaint, ¶ 40.

11. Plaintiff, individually and on behalf of the class, purports to state two counts based upon alleged violations of the Fair Credit Reporting Act. *Id.* ¶¶ 49-61.

12. As set forth below, each of CAFA's requirements is satisfied here because:

  a. The lawsuit involves a putative class action filed under a statute similar to Fed. R. Civ. P. 23;

  b. Minimal diversity exists because at least one class member is diverse from one defendant;

  c. The putative class members' claim exceeds $5,000,000[1] in the aggregate; and

  d. The putative class includes at least 100 members.

---

[1] The amounts set forth in this Notice of Removal are solely for purposes of establishing that the amount in controversy exceeds the $5,000,000 threshold and are not intended and cannot be construed as an admission that Plaintiff can state a claim or is entitled to damages in any amount. Defendant denies liability, denies Plaintiff is entitled to recover any amount, and denies that a class can be properly certified in this matter.

### A. This Case Involves a "Class Action" as Defined by CAFA.

13. CAFA defines a "class action" as:

> [A]ny civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action[.]

28 U.S.C. § 1332(d)(1)(B).

14. Plaintiff seeks class certification pursuant to Florida law. Proposed Amended Complaint, ¶ 61. Under Florida law, class actions are brought pursuant to Florida Rule of Civil Procedure 1.220. Rule 1.220 is similar to Federal Rule of Civil Procedure 23 and thus the first CAFA requirement is satisfied. *See Lance v. Wade*, 457 So. 2d 1008, 1011 n.2 (Fla. 1984) ("The current [Florida] class action rule is based on the federal class action rule . . . .").

### B. Minimal Diversity Exists Because Plaintiff is a Citizen of Florida and Defendant is a Citizen of Utah.

15. CAFA does not require complete diversity, but rather, requires minimal diversity, which may be established when, "[a]ny member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

16. Plaintiff is a Florida resident. Proposed Amended Complaint, ¶ 15.

17. Vivint is a Utah corporation with its principal place of business in Provo, Utah. Affidavit of Nathan Miller, ¶ 4.[2]

18. The CAFA minimum diversity requirement is satisfied because most, if not all class members, but certainly at least the one class representative, are diverse from Vivint.

### C. The Amount in Controversy Exceeds the CAFA Threshold.

19. CAFA requires that a complaint put in controversy more than $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). Importantly, CAFA requires claim aggregation when determining the amount put at issue in the complaint:

> b) In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

28 U.S.C. § 1332(d)(6).

20. Where a complaint does not specify the amount of damages sought, as in the Proposed Amended Complaint, the removing defendant must prove by the preponderance of the evidence that the jurisdictional amount in controversy is satisfied. *Pretka v. Kolter City Plaza II, Inc.*, 608 F. 3d 744, 751 (11th Cir. 2010).

---

[2] The Miller Affidavit is attached hereto as Exhibit A. Plaintiff asserts Vivint is a Florida-based corporation, incorporated in Florida. Proposed Amended Complaint, ¶ 12. As noted in the Miller Affidavit, that is incorrect.

This means that Vivint must establish that it is "more likely than not" that the amount in controversy exceeds the jurisdictional requirement. *Id*. at 752.

21. In support of an argument that the amount-in-controversy threshold is satisfied, a removing defendant may submit specific factual details, including affidavits, to support its contentions. *Id*. at 753-55. That factual evidence may then be combined with "reasonable deductions, reasonable inferences, and other reasonable extrapolations." *Id*. at 754.

22. Plaintiff seeks to certify a class consisting of "[a]ll of Defendant's employees and job applicants in the United States who were the subject of a consumer report that was procured by Defendant within five years of the filing of this complaint through the date of final judgment." Proposed Amended Complaint, ¶ 40.

23. Plaintiff has alleged that Vivint "knowingly and willfully" violated the Fair Credit Reporting Act, Proposed Amended Complaint, ¶ 36, and seeks statutory damages of not less than $100 and not more than $1,000 on behalf of each member of the class, plus punitive damages. Proposed Amended Complaint, ¶ 53.

24. When measuring the amount in controversy, a court must assume the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. *See Pretka*, 608 F. 3d at 754 (quoting

8

*Amoche v. Guarantee Trust Life Ins. Co.*, 556 F. 3d 41, 51 (1st Cir. 2009) ("[T]he plaintiffs' likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover." (emphasis in original))). The ultimate inquiry is what amount is put in controversy by the plaintiff's complaint, not what a defendant will actually owe. *Id*.

25. Where a complaint asserts claims for statutory damages, those damages are put in controversy for determining the jurisdictional amount in controversy. Moreover, when the plaintiff seeks up to the maximum statutory amount for each alleged violation, and for each member of the putative class, the complaint puts the maximum statutory penalty at issue for purposes of determining the amount in controversy. *See Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205-06 (E.D. Cal. 2008) (holding that court could consider maximum statutory penalty of $1,000 per violation where complaint alleged that plaintiff and all class members were "entitled to civil penalties in amounts up to one thousand dollars ($1,000) per violation").

26. Vivint has run background checks on more than 15,000 employees and job applicants during the past five years. Miller Affidavit, ¶ 10. In the Proposed Amended Complaint, Plaintiff seeks up to the maximum statutory penalty of $1,000 per violation, and asserts two counts (violations) for each class

member. Based solely on the demand for statutory damages, there is more than $30,000,000 in controversy in this case.

27. This calculation does not include Plaintiff's claim for actual damages that class members may have suffered, <u>or</u> punitive damages, <u>or</u> attorney's fees. Proposed Amended Complaint, ¶¶ 53-54.

28. Courts may consider potential punitive damages when calculating the amount in controversy for CAFA removal. *See, e.g.*, *Hammond v. Stamps.com, Inc.*, 844 F. 3d 909, 912 (10th Cir. 2016) (Gorsuch, J.); *Frederico v. Home Depot*, 507 F. 3d 188, 199 (3d Cir. 2007). Punitive damages awards for willful violations of the Fair Credit Reporting Act can be significant. *See Williams v. First Advantage LNS Screening Solutions, Inc.*, 238 F. Supp. 3d 1333 (N.D. Fla. 2017) (holding that jury's award of punitive damages totaling $3.3 million under Fair Credit Reporting Act was not unconstitutionally excessive); *Miller v. Equifax Information Servs., LLC.*, No. 3:11-CV-01231-BR, 2014 WL 2123560 (D. Or. May 20, 2014) (reducing jury's award of punitive damages under Fair Credit Reporting Act from $18,400,000 to $1,620,000 to reflect 9-to-1 ratio between amount of punitive damages and compensatory damages awarded to plaintiff). "Any inquiry into whether [Plaintiff] *would* actually recover these amounts is unnecessary and inappropriate. For the purposes of establishing jurisdiction, it is

enough to show that he *could*." *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 732 (11th Cir. 2014) (emphasis in original).

29. Plaintiff alleges that Vivint "knowingly and willfully" violated the Fair Credit Reporting Act, Proposed Amended Complaint, ¶ 36, and seeks punitive damages under 15 U.S.C. § 1681n(a)(2). Proposed Amended Complaint, ¶ 53. If a jury awarded Plaintiff and the 15,000 putative class members only the *minimum* amount of statutory damages ($100 each for both counts), totaling $3,000,000, a punitive damages award of $3,000,000, reflecting a constitutional, single-digit (1:1) multiplier,[3] would place the amount in controversy over the jurisdictional threshold for CAFA removal.

### D. The Putative Class Includes At Least 100 Members.

30. CAFA's expanded jurisdiction applies to class actions comprised of one hundred (100) or more class members. *See* 28 U.S.C. § 1332(d)(5)(B).

31. As detailed in the Miller Affidavit, Vivint ran background checks on more than one hundred (100) employees and job applicants during the proposed class period. The final CAFA requirement is therefore satisfied. *See Miedema v. Maytag Corp.*, 450 F. 3d 1327, 1332 n.4 (11th Cir. 2006) (holding defendant's

---

[3] *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003) (noting that while there are no "rigid benchmarks" for purposes of determining whether a punitive-damages award is unconstitutionally excessive, "single-digit multipliers" or "double, treble, or quadruple damages . . . are more likely to comport with due process").

representations regarding the number of putative class members in the notice of removal satisfied this requirement of CAFA).

### E. None of the Exceptions to CAFA Apply to this Action.

32. CAFA includes a number of exceptions which, where applicable, prevent the Court from exercising jurisdiction over a class action. None of these exceptions apply to the present case.

33. Under CAFA's "Local Controversy Exception," an action is not removable if: (1) more than two-thirds of the class are citizens of the state in which the action was filed; (2) at least one defendant whose conduct forms a significant basis of the claims is a citizen of the state in which the action was filed; (3) the principal injuries occurred in the state where the action was filed; and (4) no class action has been filed alleging the same claims against any of the defendants in the last three years. *See* 28 U.S.C. § 1332(d)(4)(A). This exception is not applicable here because Vivint is not a citizen of Florida.

34. Under CAFA's "Home State Exception," an action is not removable if at least two-thirds of class members and all primary defendants are citizens of the state in which the action was filed. *See* 28 U.S.C. § 1332(d)(4)(B). This exception is not applicable here because Vivint is not a citizen of Florida.

35. Accordingly, the exceptions to CAFA do not apply and this Court has diversity jurisdiction over this putative class action.

36.  Vivint attaches hereto as Exhibit "B" all process, pleadings, orders, and other papers and exhibits served upon Defendant in this action. 28 U.S.C. § 1446(a); M.D. Fla. Loc. R. 4.02. These papers include the Summons, the Complaint, the Motion to Amend Complaint with the Proposed Amended Complaint, and a Motion to Compel Arbitration Protocols And To Stay Litigation.[4]

37.  Venue properly rests in the Ocala Division of the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. § 1441(a) and M.D. Fla. Loc. R. 1.02, since this action is being removed from the state court wherein it was originally filed in the Circuit Court of the Fifth Judicial Circuit in and for Lake County, Florida.

38.  Vivint will file with the Clerk of the Court for the Fifth Judicial Circuit in and for Lake County, Florida, a Notice of Filing Notice of Removal pursuant to 28 U.S.C. § 1446(d), and will give written notice thereof to all adverse parties. A copy of said Notice is attached hereto as Exhibit "C."

Respectfully submitted on this 7th day of February 2019.

> */s/ Douglas L. Kilby*
> DOUGLAS L. KILBY
> Florida Bar No. 0073407
> dkilby@ausley.com;
> mmckenzie@ausley.com
> DEBORAH STEPHENS MINNIS

---

[4] The filing of this Notice of Removal is not intended to be, nor should it be construed as, a waiver of right to arbitration.

13

Florida Bar No. 466778<br>
dminnis@ausley.com,<br>
mwallace@ausley.com<br>
Ausley & McMullen<br>
Post Office Box 391<br>
Tallahassee, Florida 32302<br>
Phone: (850) 224-9115<br>
Fax: (850)222-7560

**Attorneys for Defendant Vivint, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

Luis A. Cabassa
Wenzel Fenton Cabassa
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
lcabassa@wfclaw.com
twells@wfclaw.com
tsoriano@wfclaw.com

<i>/s/ Douglas L. Kilby</i><br>
Attorney