IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR LAKE COUNTY, FLORIDA
CIVIL DIVISION

LUIS VELEZ,

    **Plaintiff,**

v.

    CASE NO.:

    DIVISION:

VIVINT, INC.,

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LUIS VELEZ, by and through undersigned counsel, brings this action against Defendant, VIVINT, INC., and in support of his claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $15,000, exclusive of interest, fees, and costs, and for declaratory relief, for violations of the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. Section 760.01 et seq.

2. Venue is proper in Lake County, because all of the events giving rise to these claims occurred in this County.

### PARTIES

3. Plaintiff is a resident of Lake County, Florida.

4. Defendant operates a smart home service provider in Lady Lake, in Lake County, Florida.

### GENERAL ALLEGATIONS

5. Plaintiff has satisfied all conditions precedent, or they have been waived.

6. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

7. Plaintiff requests a jury trial for all issues so triable.

8. At all times material hereto, Plaintiff was an employee of Defendant.

9. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the FCRA, Fla. Stat. Section 760.02(7).

## FACTS

10. Plaintiff began working for Defendant on August 2014 as a Store Manager, and he worked in this capacity until December 2017.

11. Plaintiff is a Jehovah's Witness.

12. Thus, Plaintiff is a member of a protected class, and as such benefits from the protections of the FCRA.

13. Plaintiff performed the job for which he was hired in a satisfactory manner.

14. Plaintiff requested time off work for religious observation. Plaintiff's request was made approximately two weeks prior to the date of the requested accommodation.

15. Defendant denied Plaintiff's request for a religious accommodation. Defendant granted similar requested when made by employees who were not Jehovah's Witnesses.

16. Defendant's agent and Plaintiff's manager, Rick Evans, required Plaintiff to choose between his religion and his job.

17. Thus, Plaintiff was subjected to disparate treatment on the basis of his religion.

18. Plaintiff complained about this discrimination to Defendant by complaining to Defendant's Human Resource Department ("HR") regarding Defendant's refusal to accommodate his religious accommodation and the discrimination Plaintiff experienced on the basis of his religion.

19. In response, Defendant took no remedial action.

20. Instead, on or about December 9, 2017, Defendant terminated Plaintiff's employment based on his religion and in retaliation for his complaints of religious discrimination/ religious accommodation request.

## COUNT I – FCRA VIOLATION
## (DISCRIMINATION)

21. Plaintiff realleges and readopts the allegations of paragraphs 1 through 20 of this Complaint, as though fully set forth herein.

22. Plaintiff is a member of a protected class under the FCRA.

23. Plaintiff was subjected to disparate treatment on account of his religion, including disparate treatment on the basis of his religion and Defendant's refusal to accommodate Plaintiff's religious needs.

24. Defendant's actions were willful and done with malice.

25. Plaintiff was injured due to Defendant's violations of the FCRA, for which he is entitled to relief.

*WHEREFORE*, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and this Court take jurisdiction over the case;

    c) Compensation for lost wages, benefits, and other remuneration;

    d) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

    e) Any other compensatory damages, including emotional distress, allowable at law;

    f) Punitive damages;

    g) Prejudgment interest on all monetary recovery obtained.

    h)    All costs and attorney's fees incurred in prosecuting these claims; and

    i)    For such further relief as this Court deems just and equitable.

## COUNT II – FCRA RETALIATION

26. Plaintiff realleges and readopts the allegations of paragraphs 1 through 20 of this Complaint, as though fully set forth herein.

27. Plaintiff is a member of a protected class under the FCRA.

28. Plaintiff engaged in protected activity under the FCRA requesting a religious accommodation and complaining regarding disparate treatment based on his religion.

29. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating Plaintiff's employment.

30. Defendant's actions were willful and done with malice.

31. By terminating Plaintiff's employment, Defendant took material adverse action against Plaintiff.

32. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

    a)    A jury trial on all issues so triable;

    b)    That process issue and that this Court take jurisdiction over the case;

    c)    That this Court enter a declaratory judgment, stating that Defendant interfered with Plaintiff's rights under the FCRA;

    d)    Compensation for lost wages, benefits, and other remuneration;

    e)    Reinstatement of Plaintiff to a position comparable to his prior position, with back pay plus interest, pension rights, and all benefits;

f) Front pay;

g) Any other compensatory damages, including emotional distress, allowable at law;

h) Punitive damages;

i) Prejudgment interest on all monetary recovery obtained.

j) All costs and attorney's fees incurred in prosecuting these claims; and

k) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 1st day of October, 2018.

Respectfully submitted,

_____
**LUIS A. CABASSA**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: (813) 379-2565
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: twells@wfclaw.com
**Attorneys for Plaintiff**